UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RONALD RICHARD JOHNSON,

                Plaintiff,

  v.                                                  Case No. 22-cv-1057-pp

CASSANDRA COOPER,

                Defendant.

**ORDER SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

      Ronald Richard Johnson, who is incarcerated at Oshkosh Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendant violated his civil rights.[1] On September 23, 2022, the court received from the plaintiff the full $402 civil filing fee. This decision screens his complaint. Dkt. No. 1.

---

[1] It appears that the plaintiff may have mailed the complaint to the Clerk of Court for Oconto County, Wisconsin. The envelope filed with the complaint is addressed to "Clerk of Circuit Court, Trisha L. Lefebre, 301 Washington Str[,] Octonto, WI 54153." Dkt. No. 1-1. Ms. LeFebre is the Clerk of Circuit Court for Octonto County. See https://www.co.oconto.wi.us/contact_us/?department=c629179ae3eb. It is postmarked September 6, 2022 and the Oconto County Clerk's Office received it on September 8, 2022. The complaint indicates that all the events described in it occurred in Brown County. Dkt. No. 1 at 3. The complaint is written on this court's standard form for civil rights complaints "for filers who are prisoners without lawyers." Dkt. No. 1 at 1. It is not clear why the plaintiff addressed his envelope to Ms. LeFebre or how the complaint ended up in this court.

1
Case 2:22-cv-01057-PP   Filed 10/17/22   Page 1 of 8   Document 4

## I. Screening the Complaint

### A. Federal Screening Standard

Under the Prison Litigation Reform Act, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court liberally construes complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  The Plaintiff's Allegations

The complaint alleges that in October 2014, defendant Cassandra Cooper "pursued" false statements against the plaintiff that she had been sexually assaulted. Dkt. No. 1 at 2. In January 2015, the Brown County Detective's Office called the plaintiff and informed him "that no charge's [sic] would be filed," and he was "free to go." Id. The plaintiff alleges that Cooper's statements "were unsubstantiated with no evidence or witnesses, with no merits to the complaint." Id.

The complaint alleges that in November 2015, a Brown County district attorney claimed that a letter was sent the plaintiff to appear in court. Id. at 2–3. The plaintiff says he did not receive anything "and had no knowledge that [he] was being charged with a crime." Id. at 3. In January 2016, the plaintiff was arrested and "was able to bail [him]self out in leu [sic] of the upcoming pending charges and trial." Id. The plaintiff claims that because Cooper

"slandered and DeFamed" him, he "lost income and respect of [his] character as a good person and citizen." Id. The plaintiff says that all of these things happened in Brown County. Id.

The plaintiff marked the box on the complaint indicating that he was suing under state law. Id. at 4. The plaintiff asks the court to order Cooper to "admit on record that she persued [*sic*] false charges against [him] as revenge." Id. He also wants to see Cooper punished "for lying to investigators and in the court of law." Id. He asks the court to hold Cooper "accountable with money/payment that [he] lost due to her false allegations. Id.

    C.    <u>Analysis</u>

The complaint does not state a cognizable claim against Cooper. Section 1983 allows a citizen bring a federal lawsuit against a person who violated his constitutional rights "under color of state law"—that is, a state actor or state official. It appears that Cooper is a private citizen who made allegedly false statements against the plaintiff. Even if that is true, the plaintiff has not alleged that a state official or state actor violated his constitutional rights. See West v. Atkins, 487 U.S. 42, 49 (1988); Spiegel v. McClintic, 916 F.3d 611, 616 (7th Cir. 2019) (quoting Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999)) (explaining that "§ 1983 does not permit suits based on private conduct, 'no matter how discriminatory or wrongful'").

A plaintiff may bring a federal lawsuit against a private citizen under §1983 if that private citizen "has acted together with or has obtained significant aid from state officials, or [if] h[er] conduct is otherwise chargeable to the

State." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). To proceed under this so-called "conspiracy theory" of §1983 liability, the complaint must show that the defendant—in this case, Cooper—and a state official "reached an understanding to deprive the plaintiff of his constitutional rights" and that Cooper was a "willful participant[] in joint activity with the State or its agents." Spiegel, 916 F.3d at 616 (quoting Fries v. Helsper, 146 F.3d 452, 457 (7th Cir. 1998) (internal quotation marks omitted)). The complaint does not allege that Cooper acted together with state officials to cause the plaintiff to be arrested based on her false allegations; it alleges only that she "persued false statements" against the plaintiff. The plaintiff says that Brown County detectives later called him and informed him no charges would be filed. Even if Cooper's statement that she had been sexually assaulted was false, it is not sufficient to support a claim under §1983 that Cooper violated the plaintiff's constitutional rights. Id. at 617 (citing cases) ("[T]he mere act of filing false police reports is not actionable under § 1983.").

Even if the plaintiff had made his claim against a state actor and had alleged a violation of his constitutional rights,[2] the complaint suffers from a second defect—it is untimely. The statute of limitations for cases brought under §1983 is "the statute of limitations for personal injuries supplied by the state in which the claim arose." Huber v. Anderson, 909 F.3d 201, 207 (7th

---

[2] The Constitution does not protect citizens from slander and defamation; state law prohibits slander and defamation and people who want to sue for allegations of slander and defamation normally must bring those lawsuits in state court.

5

Cir. 2018) (citing Wallace v. Kato, 549 U.S. 384, 387 (2007)). In October 2014 (when Cooper made the allegedly false statements) and in January 2016 (when the plaintiff was arrested), the limitations period under Wisconsin law was six years. See id. (citing Wis. Stat. §893.53 (2016), amended by 2017 Wis. Act 235 (eff. Apr. 5, 2018)). Even assuming the plaintiff's claim accrued on his arrest, rather than when Cooper made the false statements, the deadline for the plaintiff to bring his claims was January 2022. He did not file this lawsuit until September 2022—several months too late.

The complaint fails to state a claim for relief. District courts generally permit civil plaintiffs at least one opportunity to amend their pleadings but need not do so "when 'it is *certain*' that amendment would be futile." See Fields v. Miller, No. 21-1419, 2022 WL 1011666, at *3 (7th Cir. Apr. 5, 2022) (citing Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 519–20 (7th Cir. 2015)). Amendment would be futile here; the plaintiff cannot sue a private citizen (and Wisconsin resident, presumably) on state-court causes of action under §1983 no matter how many additional facts he provides.

Because the complaint does not state a federal claim, the court will not exercise supplemental jurisdiction over any putative claims arising under state law. The court will dismiss any state law claims without prejudice under 28 U.S.C. §1367(c)(3).

## II. Conclusion

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. The court will enter judgment accordingly.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).[3]

The court will email a copy of this order to DLSFedOrdersEastCL@ doj.state.wi.us.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed

---

[3] This is the second strike the court has assessed this plaintiff for filing a complaint that fails to state a claim for relief. See Johnson v. Schmidt, Case 22-cv-1055-pp.

within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 17th day of October, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**